UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE JAMES MADISON PROJECT <br> 1250 Connecticut Avenue, NW <br> Suite 200 <br> Washington, D.C. 20036 <br><br> and <br><br> JOSH GERSTEIN <br> c/o Politico <br> 1000 Wilson Boulevard <br> 8th Floor <br> Arlington, VA 22209 <br><br>     Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530-0001 <br><br>     Defendant. | Civil Action No. 17-1392 |

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking the production of records sought by the plaintiffs The James Madison Project and Josh Gerstein to the defendant Department of Justice (as well as its subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security. It maintains a website at www.JamesMadisonProject.org.

4. Plaintiff Josh Gerstein ("Gerstein") is a senior reporter for Politico, and is a representative of the news media.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Office of the Attorney General ("OAG"), the Office of the Deputy Attorney General ("DAG"), the Office of the Associate Attorney General ("AAG"), and the Federal Bureau of Investigation ("FBI").

**FACTUAL BACKGROUND**

6. This lawsuit is brought under the Freedom of Information Act ("FOIA") and seeks the production of information resolving whether President Donald J. Trump ("President Trump") is or ever was a target of, subject of, or material witness to any investigation.

7. On May 9, 2017, FBI Director James Comey ("Director Comey") was informed that, by order of President Trump, he had been terminated and removed from office, effective immediately. *http://edition.cnn.com/2017/05/09/politics/james-comey-fbi-trump-white-out/index.html* (last accessed May 9, 2017). In his letter to Director Comey, President Trump

specifically stated that Director Comey had informed him on three separate occasions that he (President Trump) was not under investigation. *https://apps.washingtonpost.com/g/documents /politics/fbi-director-james-b-comeys-termination-letters-from-the-white-house-attorney- general/2430/* (last accessed May 12, 2017).

8. In an interview with NBC News, President Trump further clarified that he had three separate conversations with Director Comey in which Director Comey allegedly stated that President Trump was not under investigation. *http://www.nbcnews.com/news/us-news/trump- reveals-he-asked-comey-whether-he-was-under-investigation-n757821* (last accessed May 12, 2017).

9. On May 11, 2017, it was reported that President Trump held a private dinner with Director Comey on January 27, 2017. During that private dinner, President Trump allegedly asked for a pledge of loyalty from Director Comey. Director Comey declined, but indicated that he would always be honest with President Trump. *https://www.nytimes.com/2017/05/11/us/ politics/trump-comey-firing.html?_r=0* (last accessed June 13, 2017).

10. On May 16, 2017, media reports revealed that Director Comey had drafted an internal memorandum for his own records after a February 14, 2017, meeting with President Trump. That memorandum allegedly memorialized a conversation in which President Trump asked Director Comey to "shut down" the pending FBI investigation into former National Security Advisor Michael Flynn ("Mr. Flynn"). *https://www.nytimes.com/2017/05/16/us/politics/james-comey- trump-flynn-russia-investigation.html?hp&action=click&pgtype=Homepage&clickSource =story-heading&module=span-ab-top-region&region=top-news&WT.nav=top-news&_r=0* (last accessed May 16, 2017); *https://www.washingtonpost.com/world/national-security/notes- made-by-former-fbi-director-comey-say-trump-pressured-him-to-end-flynn-probe/2017/05*

*/16/52351a38-3a80-11e7-9e48-c4f199710b69_story.html?hpid=hp_rhp-banner-main_comey-615pm%3Ahomepage%2Fstory&utm_term=.46300b9cd04b* (last accessed May 16, 2017).

12. Asked to respond to the media reports, President Trump denied that he had urged Director Comey to drop the investigation into Mr. Flynn. *http://www.foxnews.com/politics/2017/05/18/trump-denies-comey-allegations-collusion-with-russia.html* (last accessed June 13, 2017). President Trump also denied that he had asked Director Comey to pledge his loyalty. *http://www.dailymail.co.uk/news/article-4503816/Trump-DENIES-asking-Comey-loyalty-pledge.html* (last accessed June 13, 2017).

13. On June 8, 2017, Director Comey testified under oath in open session before the Senate Select Committee on Intelligence ("SSCI"). In his Statement for the Record, released to the public on June 7, 2017, Director Comey outlined how he had drafted contemporaneous memoranda after various meetings and discussions with President Trump. Director Comey identified two additional conversations with President Trump regarding which Director Comey had concerns, specifically phone conversations with President Trump on March 30, 2017, and April 11, 2017. *https://www.intelligence.senate.gov/sites/default/files/documents/os-jcomey-060817.pdf* (last accessed June 13, 2017).

14. During his testimony, Director Comey confirmed the existence of several memoranda and emails, and explained that he felt the need to contemporaneously document his conversations with President Trump due to a concern that the President might later lie about the substance of the conversations. He testified extensively as to both the contents of those records and the details of his conversations with President Trump. Director Comey also confirmed that President Trump had asked for his loyalty during the January 27, 2017, dinner. He further outlined the basis for his belief that President Trump's comments in the February 14, 2017, Oval Office meeting were

4

meant to be taken as an order to drop the investigation into Mr. Flynn. Finally, Director Comey also confirmed that he had in fact informed President Trump that, at the time of their meetings, the FBI was not personally investigating the President. Director Comey testified that the majority of the records he made memorializing his conversations with President Trump were unclassified. *https://www.usatoday.com/story/news/politics /2017/06/08/key-takeaways-james-comey-testimony/102625928/* (last accessed June 13, 2017).

15. According to media reports, Special Counsel Robert Mueller is now investigating whether President Trump's actions constituted obstruction of justice. *https://www.washingtonpost.com/world/national-security/special-counsel-is-investigating-trump-for-possible-obstruction-of-justice/2017/06/14/9ce02506-5131-11e7-b064-828ba60fbb98_story.html?utm_term=.b4141caf198a* (last accessed July 8, 2017).

16. This lawsuit ultimately will seek not only to bring clarity to the circumstances surrounding the decision not to personally investigate President Trump prior to May 9, 2017, but also to verify whether in fact President Trump is currently under investigation.

## COUNT ONE (DOJ)

17. The plaintiffs JMP and Gerstein (referred to jointly as "the Requesters") repeat and reallege paragraphs 7 through 16 above, inclusive.

18. By letter dated May 12, 2017, the Requesters submitted to the DOJ a FOIA request.

19. The FOIA request specifically sought the following records from the AG, DAG, and/or AAG:

> 1) Any records memorializing discussions between Department of Justice ("DOJ") staff and Federal Bureau of Investigation ("FBI") staff regarding whether President Trump is or ever was a target of, subject of or material witness to any investigation; and

2) Any records memorializing disclosures to President Trump or any White House staff regarding whether President Trump is or ever was a target of, subject of or material witness to any investigation;

3) Any records memorializing discussion among DOJ staff regarding the appropriateness of informing President Trump if he is or ever was a target of, subject of or material witness to any investigation; and

4) Any records memorializing discussion between DOJ staff and FBI staff regarding the appropriateness of informing President Trump if he is or ever was a target of, subject of or material witness to any investigation.

20. The Requesters noted that the DOJ components should construe "DOJ staff", "FBI staff" and "White House staff" to encompass Government civilian employees, political appointees, Constitutional officers, and contract staff. The Requesters stated that the scope of the searches should include, but not be limited to, e-mail communications on unclassified and classified systems, as well as records stored on individual hard drives and/or shared drives.

21. By letter dated May 24, 2017, DOJ acknowledged receipt of the request and split it into three parts. The relevant request numbers were DOJ-2017-004078, DOJ-2017-004102, and DOJ-2017-004103. The letter indicated that DOJ was granting expedited processing, but that it was also invoking the "unusual circumstances" extension afforded by 5 U.S.C. § 552(a)(6)(b)(i)-(iii).

22. As of the date of this filing, no response has been received from DOJ. The Requesters have constructively exhausted their administrative remedies.

23. The Requesters have a legal right under the FOIA to the information they seek.

## **COUNT TWO**

24. The Requesters repeat and reallege paragraphs 7 through 16 above, inclusive.

25. By letter dated May 12, 2017, the Requesters submitted to the FBI a FOIA request.

26. The Requesters repeat and reallege paragraphs 19 and 20, as the language of the FOIA request submitted to DOJ was identical to that which was submitted to the FBI.

27. By letter dated May 25, 2017, the FBI acknowledged receipt of the FOIA request and assigned it Request Number 1374208-000.

28. By letter dated June 20, 2017, the FBI denied the FOIA request. The FBI's denial stated that it was refusing to confirm or deny the existence of responsive records, relying upon FOIA Exemptions 7(A) and 7(E).

29. The Requesters filed an administrative appeal of the FBI's denial. The DOJ Office of Information Policy assigned the appeal as DOJ-AP-2017-004822.

30. By letter dated July 12, 2017, the DOJ Office of Information Policy affirmed the FBI's denial.

31. The Requesters have exhausted their administrative remedies.

32. The Requesters have a legal right under the FOIA to the information they seek.

WHEREFORE, plaintiffs The James Madison Project and Josh Gerstein pray that this Court:

(1) Orders the defendant federal agency (and its subordinate entities) to produce responsive records to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date:   July 14, 2017

                        Respectfully submitted,

                        /s/
                        _____

                        Bradley P. Moss, Esq.
                        D.C. Bar #975905
                        Mark S. Zaid, Esq.
                        D.C. Bar #440532
                        Mark S. Zaid, P.C.
                        1250 Connecticut Avenue, N.W.
                        Suite 200
                        Washington, D.C. 20036
                        (202) 454-2809
                        (202) 330-5610 fax
                        Brad@MarkZaid.com
                        Mark@MarkZaid.com

                        Attorneys for Plaintiffs